IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JACQUELINE WILLIAMS**                                                                                      **PLAINTIFF**

**VS.**                                                                       **CIVIL ACTION NO. 4:04CV179LR**

**WEEMS COMMUNITY MENTAL**
**HEALTH CENTER, a Division of the**
**State of Mississippi Department of**
**Mental Health**                                                                                                  **DEFENDANT**

## ORDER

This cause is before the Court upon the Defendant's Motion to Quash Subpoena Duces Tecum. The basis for the motion is the Plaintiff's serving a subpoena after the discovery deadline had expired, requesting documents from a third party. Additionally, the Defendant argues that the Plaintiff did not give prior notice to the Defendant of the subpoena. The court has reviewed the motion and the response and is of the opinion that the motion to quash should be granted, for the reasons that follow.

The subpoena about which the Defendant complains was issued to a non-party–the Mississippi Department of Mental Health. An initial issue is whether the Defendant has standing to oppose the subpoena issued to this Department. The authority for a motion to quash a subpoena comes from Fed. R. Civ. P. 45(c), which is entitled "Protection of Persons Subject to Subpoenas." This title would indicate that only the entity subject to a subpoena has the authority to seek an order quashing it. Indeed, the Fifth Circuit has held that a party does not have standing to raise "the issue of [a non-party's] amenability to the compulsory process of the district court since they are not in possession of the materials subpoenaed and have not alleged any personal right or privilege with

respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Garrett v. Blanton*, No. 89-4367, 1993 WL 262697, at *5, (E.D. La. July 6, 1993).

Here, the Defendant has not alleged a personal right or privilege with regard to the documents; therefore, the court is compelled to hold that the Defendant does not have standing to bring a motion to quash the subpoena. Even if the Defendant did have standing to bring such a motion, the grounds listed in Rule 45 under which a subpoena may be quashed do not include an allegation that the subpoena was served after the discovery deadline had expired. However, the motion will be treated as a motion for a protective order. Fed. R. Civ. P. 26(c) permits a motion for a protective order to be brought "by a party or by the person from whom discovery is sought . . .for good cause shown . . . ." A motion for a protective order in this circumstance does not seek to vindicate a non-party's right to resist the compulsory process of the court. Instead, the Plaintiff seeks to compel the Defendants to adhere to the discovery deadline previously imposed by the court. There being no standing problem in such a motion, the court will consider it as such.

There is no Certificate of Good Faith attached to the Motion, as is required by both Fed. R. Civ. P. 26(c) and Unif. Local R. 37.1(A). Rule 26(c) requires a party moving for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties not making the disclosure in an effort to resolve the dispute without court action . . . ." Rule 37.1(A) also requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Official Form No. 5) shall be filed with all discovery motions, with a copy to the Magistrate Judge." Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order. Under normal circumstances, this Motion would be denied on the

basis of this omission. However, because the failure to provide this certification was overlooked by the court until after the briefing period was completed, the court will consider the Motion on its merits.

The "good cause" asserted by the Defendant for a protective order in this instance is the service of the subpoena outside the discovery period permitted by the Case Management Plan Order previously entered in this case, as well as the Defendants' failure to provide prior notice of the subpoena. District Judge Tom S. Lee held a status conference on this matter on January 27, 2006, at which time he set a discovery deadline of February 13, 2006. The minute entry associated with his Order states "NO FURTHER EXTENSIONS WILL BE GRANTED." The subpoena at issue was dated February 15, 2006. June 25.

The Plaintiff argues that the material sought is for impeachment purposes and, therefore, not subject to the discovery deadline. This court has, however, taken the position that subpoenas are a form of discovery and subject to all of the strictures governing discovery, including the deadlines set in the Case Management Plan Order. *See Wiwa v. Royal Dutch Petroleum* Co., 392 F.3d 812 (5th Cir. 2004) (holding that, even though the court's decision on a motion to quash a subpoena was reached after the discovery deadline had expired, the subpoena was valid, as it had been served prior to the expiration.) For these reasons the subpoena in this case should not have been issued without permission from the court to extend the discovery deadline, an action that Judge Lee's ruling expressly forbids.

The other issue raised by the Defendant is the fact that it did not receive prior notice of the subpoena, as is required by Rule 45(b)(1). A party's failure to serve a copy of a subpoena on his opponent, as required by Rule 45(b)(1), has been held to substantiate a decision to quash the

3

subpoena. *Butler v. Biocore Med.Tech., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003); *Firefighter's Inst. For Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000); *In re Letter Rogatory*, 16 F.3d 1016, 1020 n. 4 (9th Cir. 1994). Thus, the court finds that the Defendant's Motion should be granted and the subpoena to the Department of Mental Health held to have no effect.

IT IS THEREFORE ORDERED that the Defendant's Motion to Quash, which has been construed by the court as a Motion for Protective Order, is hereby **granted**.

IT IS SO ORDERED this the 6th day of April, 2006.

                                                S/John M. Roper
                                    UNITED STATES MAGISTRATE JUDGE