UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JACQUELINE WILLIAMS PLAINTIFF

VS. CIVIL ACTION NO. 4:04CV179LR

WEEMS COMMUNITY MENTAL HEALTH CENTER DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on motion of defendant Weems Community Mental Health Center (Weems) to dismiss, or in the alternative, for summary judgment. Plaintiff Jacqueline Williams has responded in opposition. The court, having considered the submissions of the parties, along with the relevant authorities, concludes that defendant's motion should be granted.

On September 4, 2004, Williams filed this action against her former employer, Weems, alleging that she was wrongfully discharged based on her race and her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., Title VII, 42 U.S.C. § 2000e et seq., and 42. U.S.C. § 1981. She has also alleged state law claims for intentional infliction of emotional distress and wrongful discharge. Defendant Weems has filed a motion seeking summary judgment as to all of plaintiff's claims.

Williams, who is black, began work at Weems, a division of the Mississippi Department of Mental Health, in October 1991 as a geriatric outreach therapist in the senior services department. In this position, plaintiff traveled to her clients' homes to

provide outpatient therapy. She contends that in January 2004, she was wrongfully accused of double-billing a client when it was discovered that she and another case manager had both billed the same patient on the same day for overlapping times.[1] An investigation ensued which included monitoring of plaintiff's time records, following which she was discharged on February 4, 2004. Williams claims that the allegations regarding falsified documents and her eventual termination were the result of discrimination.

According to Weems, the investigation in response to the double-billing incident included assignment of two Weems employees to follow plaintiff during her work day and independently record the time plaintiff would spend with her patients. These records were then compared to plaintiff's self-recorded time logs. The investigation revealed plaintiff had inaccurately recorded her time throughout the day, and Weems responded by terminating plaintiff for falsifying records.

Following her discharge, Williams participated in the appeals process before the board of commissioners, and a hearing was held on February 18, 2004. The board upheld her dismissal, and plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) the following day, claiming that her termination was the result of race

[1] Williams denies that she engaged in any wrongdoing, points out that the other employee resigned prior to the investigation and insists that the other employee was the cause of the double-billing incident.

discrimination and that defendant had failed to accommodate her disability. On June 15, 2004, plaintiff received a notice of her right to sue and subsequently filed the instant action.

State Law Claims

In its motion to dismiss, defendant first argues that plaintiff's state law claim of intentional infliction of emotional distress should be dismissed based on her failure to comply with the notice provisions of the Mississippi Tort Claims Act (MTCA),[2] Miss. Code Ann. § 11-46-11. The MTCA provides that before a plaintiff may file suit against a governmental entity or its employee, he or she must first file a notice of claim in writing with the chief executive officer of the entity. Id. The notice of claim should contain "a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, [and] the amount of money damages sought. . . ." Id.

Williams does not dispute that Weems is a governmental entity covered by the MTCA, but instead argues that she substantially complied with the notice requirement because her charge of discrimination, filed with the EEOC, contained sufficient information to allow Weems to investigate her claim. She further

---

[2] Defendant has also moved to dismiss plaintiff's wrongful discharge claim pursuant to the MTCA, but in the court's opinion, this claim is better characterized as a contract claim, rather than a tort claim.

contends that by expressing her belief that she had been wrongfully terminated to the board of commissioners at her hearing, she gave notice of her claim. The court, however, does not agree.

Plaintiff has not cited any authority for the proposition that an EEOC charge of discrimination can satisfy the notice of claim requirement under the MTCA, and notably, federal courts in Mississippi have held to the contrary. See Forside v. Mississippi State University, 2002 WL 31992181, *5 (N.D. Miss. 2002) (dismissing intentional infliction of mental distress claim for failure to file notice of claim pursuant to the MTCA, despite plaintiff's filing of EEOC complaint); Brunt v. Coahoma County School, 1999 WL 33135089, *6 (N.D. Miss. 1999) (dismissing defamation claim against governmental entity for failure to file notice of claim pursuant to MTCA, despite plaintiff's filing of an EEOC complaint). As for plaintiff's argument that she verbally notified the board of her belief that she had been wrongfully terminated, under the law, such statement also would not satisfy the written notice requirement set forth in the statute. Accordingly, plaintiff's state law claim of intentional infliction of emotional distress is dismissed.

Plaintiff's wrongful discharge claim is also due to be dismissed because, as defendant points out, Williams was an at-will employee of Weems. It is well settled that under Mississippi law, an employee may be terminated at will "'where there is no

employment contract (or where there is a contract which does not specify the term of the worker's employment),'" Nuwer v. Mariner Post-Acute Network, 332 F.3d 310, 314 (5th Cir. 2003)(quoting Perry v. Sears, Roebuck & Co., 508 So. 2d 1086, 1088 (Miss. 1987), and that an at-will employee can generally be discharged for "a good reason, a bad reason, or no reason at all," Burroughs v. FFP Operating Partners, 28 F.3d 543, 547 (5th Cir. 1994). Furthermore, the facts of this case do not warrant application of the narrow exception which exists for an employee who refuses to participate in illegal activity or who is terminated for reporting illegal acts of the employer to the employer or anyone else. See McArn v. Allied Bruce-Terminix Company, Inc., 626 So. 2d 603, 607 (Miss. 1993). To the extent that plaintiff has asserted that Weems engaged in employment discrimination, this alleged violation of federal law is appropriately addressed by her discrimination claims. As such, plaintiff's wrongful discharge claim is due to be dismissed.

Disability Discrimination Claim

In her complaint, Williams alleges that she suffered from a "serious medical condition," of which her employer was aware; that she requested "an accommodation;" that she could have been accommodated, but was not; and that she was discharged either because of her disability or in retaliation for asking for an accommodation. Defendant contends that plaintiff's ADA claims should be dismissed because she cannot show that she is disabled

and she cannot prove that she could perform the essential functions of her job with or without accommodation.

The ADA prohibits covered employers from discriminating "against a qualified individual with a disability because of the disability of such individual" in regard to various facets of the employment relationship. 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination under the ADA, plaintiff must show that (1) she has a disability; (2) she is qualified for the job in question, either with or without accommodation; and (3) an adverse employment decision was based on her disability. See Ceasar v. United Services Auto. Ass'n, 102 Fed. Appx. 859 (5th Cir. 2004); Hamilton v. Southwestern Bell Telephone Co., 136 F.3d 1047, 1050 (5th Cir. 1998).

In its motion for summary judgment, Weems first argues that plaintiff is not disabled and thus does not fall within the ambit of the ADA. The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). As the court in Hamilton explained,

> The ADA defines neither "substantially limits" nor "major life activities," but the regulations promulgated by the EEOC under the ADA provide significant guidance. Whether an impairment is substantially limiting is determined in light of (1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact. The EEOC regulations adopt the same definition of major life activities used in the Rehabilitation Act. "Major life activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."

136 F.3d at 1050 (footnotes and citations omitted).

In her complaint, plaintiff fails to articulate what her disability is and her brief refers only to her "arm injury." While the court does not have an obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment," Doddy v. Oxy USA, Inc., 101 F.3d 448, 463 (5th Cir. 1996), the court has, out of an abundance of caution, reviewed plaintiff's deposition testimony.

Plaintiff testified that she suffers from an arm injury, which she referred to as "tennis elbow," and that this injury causes her pain "off and on" and is aggravated by "excessive writing" and driving. Because this is the only evidence plaintiff has offered which can be construed as an attempt to show that she is disabled, the court finds that she has failed to meet her burden. Plaintiff's evidence is not sufficient to support a finding that her alleged arm injury substantially limits a major life function, and as such, she has failed to meet her prima facie burden to show that she is disabled and entitled to protection under the ADA.[3]

Racial Discrimination Claim

---

[3] Williams claims that she asked defendant to accommodate her alleged disability, and that although she was offered a new position, that position was not actually an accommodation because it would have required her to engage in more writing. For its part, defendant submits that it offered plaintiff the option of dictating her notes and records, which plaintiff refused, and it offered plaintiff an in-house position that would lessen her need to drive, which she also refused.

In order to establish a claim of discriminatory discharge, the plaintiff must first establish a prima facie case of discrimination. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). The defendant may then offer a legitimate, non-discriminatory reason for the termination, at which time the plaintiff "'must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative).'" Keelan v. Majesco Software, Inc., 407 F.3d 332, 341 (5th Cir. 2005) (quoting Rachid v. Jack In The Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004)).

Here, defendant does not dispute that Williams has met her burden of establishing a prima facie case, and offers its non-discriminatory reason for her termination, namely her falsification of time records. According to defendant, during its investigation of plaintiff, it found that her time records with respect to patient visits did not match those of the individuals assigned to follow her. When visiting her first and second patients one day, plaintiff recorded that she entered the patients' residences approximately 30 minutes earlier than the investigators observed. When visiting her third patient,

plaintiff recorded that she arrived approximately one hour earlier than the investigator observed. Defendant submits that because these time logs are used to bill patients for services its decision to terminate Williams was warranted.

In response, Williams argues that she was "singled out" for termination and insists that the other employee involved in the double-billing incident was guilty of wrongdoing. She stresses that if the double-billing incident had never occurred, she would not have been investigated, and contends that Weems engaged in a "concerted effort" to discriminate against her.

In the court's opinion, plaintiff has failed to meet her burden to show that defendant's legitimate, non-discriminatory reason for discharging her was pretext for discrimination. She has not offered any explanation for the discrepancy in the time record revealed by defendant's investigation, and she has not presented any evidence that would cast doubt on the investigation. True, plaintiff was the only individual investigated, because the other employee resigned, and she likely would not have been followed had she not been implicated in the double-billing incident, but these assertions do not call into question the results of defendant's investigation and its subsequent decision to terminate her employment.[4] Furthermore, plaintiff has not

---

[4] The court notes that whether or not Williams was guilty of wrongdoing in the double-billing incident is immaterial because that was not the basis of defendant's decision to terminate her employment. This incident only prompted further investigation which revealed, in defendant's opinion, a habit of falsifying time

presented any evidence that she was treated differently than white employees under similar circumstances. Accordingly, the court finds that summary judgment is in order as to plaintiff's racial discrimination claim.

Retaliation Claim

To state a claim of retaliation, Williams must prove that (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal nexus existed between the protected activity and the adverse employment action. Green v. Administrators of Tulane Educational Fund, 284 F.3d 642, 657 (5th Cir. 2002). In her complaint, plaintiff generally alleges that she was "subjected to retaliation and reprisal for having opposed unequal treatment in the workplace." However, in response to defendant's motion, plaintiff has failed to direct the court's attention to any evidence that she engaged in a protected activity, such as complaining to her employer about what she perceived as "unequal treatment." While it is true that the filing of an EEOC complaint would constitute participation in a protected activity, this conduct took place after plaintiff was discharged, and thus, she cannot establish the requisite causal nexus.

As for plaintiff's ADA retaliation claim, Williams alleges that she was discharged for having requested an accommodation for her disability. As stated earlier, the evidence does not support

records which warranted discharge.

a finding that plaintiff is disabled under the ADA, but nevertheless, she may still pursue a claim for retaliation under the theory that defendant regarded her as disabled, in light of her request for an accommodation. See Dutton v. University Healthcare System, L.L.C., 136 Fed. Appx. 596, 599, 2005 WL 1007050, *3 (5th Cir. 2005)(noting that a plaintiff who is in fact not disabled may establish a claim of discrimination or retaliation under the "regarded as" prong). Notwithstanding, the court is of the opinion that plaintiff has not shown a causal nexus between her termination and her request for accommodation. The evidence indicated that defendant did offer two accommodations to plaintiff in an effort to alleviate the pain associated with writing and driving, both of which plaintiff refused. Moreover, Weems has offered its legitimate, non-discriminatory reason for plaintiff's termination, that being her falsification of time records discovered during its investigation, and plaintiff has not offered any evidence which would suggest that this reason is pretext for disability discrimination. Accordingly, the court concludes that plaintiff's race and disability retaliation claims are due to be dismissed.

Based on the foregoing, defendant's motion for summary judgment as to all of plaintiff's claims is granted.

A separate judgment will be entered in accordance with

Federal Rule of Civil Procedure 58.

SO ORDERED this 13th day of June, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE